IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALI BAGHDADI, FOUAD CHAMON, ANTOINE KORKIS, NAJAH NAJJAR, JACQUELINE NAJJAR, SUHAIL NAMMARI, NACHWAN REZKO, BURT REZKO, MILAD SAAD, MICHAEL SAHLI, GEORGES ZOUKI, KHALED SHAIR, LAYLA EL SHAIR, AND QMQQ LLC, and GEORGE MERJAN,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL MEDITERRANEAN HOLDING, S.A., Spf; and CHICAGO SOUTH LOOP HOLDINGS III, LLC,<br><br>Defendants. | Case No. 1:20-cv-4043 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Chicago South Loop Holdings, III, LLC ("South Loop Holdings") hereby files its Notice of Removal of this matter from the Circuit Court of Cook County, Illinois. In support, defendant states as follows:

### INTRODUCTION

1. This action is a civil action which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that this Court possesses original jurisdiction under 28 U.S.C. § 1332(a) (3). The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and in which citizens or subjects of a foreign state are additional parties.

### TIMELY FILING OF THIS NOTICE

2. On January 7, 2020, this action was commenced in the Circuit Court of Cook County, Illinois, entitled *Ali Baghdadi et al v General Mediterranean Holding, S.A., Spf; and*

*Chicago South Loop Holdings III, LLC*, Docket No, 2020 L 000292. The Summons and initial Complaint were served on defendant on March 2, 2020. Copies of the Summons and Complaint are attached hereto as Exhibits A and B, respectively.

3. This Court's original subject matter jurisdiction was not apparent on the face of plaintiffs' initial Complaint, as plaintiffs' initial Complaint contains no allegations concerning the citizenship of the parties and does not allege that the amount in controversy exceeds $75,000. This case was <u>not</u> removable until June 19, 2020, when plaintiffs filed in the Circuit Court of Cook County their Motion for Leave to File an Amended Complaint, attached to which is a proposed Amended Complaint containing allegations establishing this Court's original jurisdiction under 28 U.S.C. §1332(a)(3). A copy of plaintiffs' Motion for Leave to File an Amended Complaint is attached hereto as Exhibit C.

4. This case became removable on June 19, 2020 because plaintiffs' proposed Amended Complaint alleged the citizenship of the parties and alleged an amount in controversy in excess of $75,000. The 30-day timetable for removal was triggered by defendant's receipt of this information. *See* 28 U.S.C. § 1446(b) (3) (… "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days of a receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."); *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 823-24 (7th Cir. 2013) ("It's clear that the 30-day removal clock is triggered *only* by the defendant's receipt of a pleading or other litigation paper facially revealing that the grounds for removal are present."). Accordingly, this Notice of Removal was timely filed on July 9, 2020.

5. Further, as of the date of this Notice of Removal, the Circuit Court of Cook County's online docket does not show that a proof of service of summons has been filed as to the remaining defendant, General Mediterranean Holding, S.A., Spf. ("GMH"). A defendant, such as GMH here, that has not been served need not consent to removal. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 347 (1999). South Loop Holdings may therefore remove this action regardless of whether GMH consented prior to removal. Nonetheless, South Loop Holdings has been informed that GMH consents to removal. Such consent, of course, does not waive GMH's right to be formally served with a federal summons and complaint after removal.

## DIVERSITY OF THE PARTIES

6. This dispute is between citizens of different States in which citizens or subjects of a foreign state are additional parties. As such, diversity of the parties is present under 28 U.S.C. § 1332(a) (3).

    **A.    Citizenship of Plaintiffs**

7. There are 15 plaintiffs in this case. The following eight individual plaintiffs pleaded in their Amended Complaint that he or she is a citizen of Illinois: Baghdadi, Razko, B. Razko, Saad, Sahli, K. Shair, L. Shair, and Merjan, *See* Exh. D, Amended Complaint, at ¶¶ 9, 15-18, 20, 22. A copy of Plaintiffs' Amended Complaint, filed in the Circuit Court of Cook County on June 30, 2020, is attached hereto as Exhibit D.

8. Plaintiffs Chamoun and Zouki pleaded in the Amended Complaint that they are citizens of Quebec, Canada. *See* Exh. D, Amended Complaint, at ¶¶ 10, 19. Accordingly, plaintiffs Chamoun and Zouki are citizens or subjects of a foreign state within the meaning of 28 U.S.C. § 1332(a) (3).

9. Plaintiff Korkis pleaded in the Amended Complaint that he is a citizen of Argentina. *See* Exh. D, Amended Complaint, at ¶ 11. Accordingly, plaintiff Korkis is a citizen or subject of a foreign state within the meaning of 28 U.S.C. § 1332(a) (3).

10. Plaintiffs N. Najjar and J. Najjar pleaded in the Amended Complaint that they are citizens of Syria. *See* Exh. D, Amended Complaint, at ¶¶ 12-13. Accordingly, plaintiffs N. Najjar and J. Najjar are citizens or subjects of a foreign state within the meaning of 28 U.S.C. § 1332(a) (3).

11. Plaintiff Nammari pleaded in the Amended Complaint that he is a citizen of Indiana. *See* Exh. D, Amended Complaint, at ¶ 14.

12. Plaintiff QMQQ, LLC pleaded in the Amended Complaint that it is a limited liability company, and that its sole member is a citizen of Pennsylvania. *See* Exh. D, Amended Complaint, at ¶ 21.

**B. Citizenship of Defendant South Loop Holdings**

13. Defendant South Loop Holdings is a citizen of Delaware.

14. Plaintiffs pleaded in their Amended Complaint that defendant South Loop Holdings is a limited liability company organized under Delaware law. *See* Exh. D, Amended Complaint, at ¶ 24.

15. A limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta,* 150 F. 3d 729, 731 (7th Cir. 1998). Plaintiffs allege that the sole member of South Loop Holdings is CSLH Incorporated. ("CSLH"), a Delaware corporation. *See* Exh. D, Amended Complaint, at ¶ 24.

16. Plaintiffs' allegations concerning South Loop Holdings' status as a Delaware limited liability company, CSLH's role as the sole member of South Loop Holdings, and CSLH's 2013

incorporation in Delaware are supported by the declaration of CSLH's President and sole director, Mohammed Al-Miqdadi. *See* Exh. E, Declaration of Mohammed Al-Miqdadi, at ¶¶ 3-5.

17. It is settled in this Circuit that a domestic corporation with a principal place of business abroad should be treated for diversity purposes, as a citizen of the state in which it is incorporated. *See MAS Capital, Inc., v. Biodelivery Sciences Int'l, Inc.*, 524 F.3d 831, 832-33 (7th Cir. 2008). For the reasons also set forth below, CSLH's principal place of business in in the United Kingdom. Accordingly, for the purpose of determining subject matter jurisdiction under 28 U.S.C. § 1332(a) (3), South Loop Holdings is a citizen of Delaware.

18. The appropriate test to determine a corporation's principal place of business is the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). Under the "nerve center" test, a corporation's principal place of business is the single place within a particular State where the corporation's officers direct, control, and coordinate the corporation's activities, which is typically the place at which the corporation maintains its headquarters. *See id*. The Supreme Court has used "[t]he metaphor of the 'corporate brain'" to describe a corporation's principal place of business. *See id*. at 95.

19. Since CSLH was incorporated in Delaware in 2013, its sole office has been located at Lincoln House, 137-143 Hammersmith Road, London W14 0QL, United Kingdom. CSLH has never leased or owned office space or other real estate in the United States. *See* Exh. E, Declaration of Mohammed Al-Miqdadi, at ¶ 5.

20. Since 2013, Al-Miqdadi has been the President and sole Director of CSLH. In these positions, Al-Miqdadi has directed, controlled and coordinated CSLH's business activities. Al-Miqdadi has performed these activities at CSLH Manager's office in London. Al-Miqdadi also resides in London. *See* Exh. E, Declaration of Mohammed Al-Miqdadi, at ¶ 6.

21. At the time this action was commenced and now, CSLH owned South Loop Holdings in its entirety. *See* Exh. E, Declaration of Mohammed Al-Miqdadi, at ¶ 7.

22. Pursuant to the terms of South Loop Holdings' operating agreement, in 2013 CSLH appointed CSLH Manager Incorporated, a Delaware corporation, as Manager of South Loop Holdings. CSLH owns CSLH Manager Incorporated. *See* Exh. E, Declaration of Mohammed Al-Miqdadi, at ¶ 8.

23. From 2013 to the present, CSLH's sole business activities have involved its management of a single real estate asset. The single asset is the 62 acre parcel bounded by Clark Street (E), Roosevelt (N) and the Chicago River (S) in Chicago, Illinois (the "Property"). Roosevelt Clark Partners, LLC, a Delaware limited liability company, holds title to the Property. The development manager of the Property is Related R/C LLC, a Delaware limited liability company. *See* Exh. E, Declaration of Mohammed Al-Miqdadi, at ¶ 9.

24. Since its formation in 2013, all of CSLH's material activities and important decisions have occurred at its office in the UK. These include CSLH's inputs and contributions to the masterplan, business plan and budget approval process for the Property. All material business decisions have been made in meetings held at CSLH's office in London. Legal and budgetary documentation has been reviewed, commented upon, approved and, where necessary, signed and executed in the UK. All quarterly Board meetings of CSLH have taken place in London, requiring representatives of the Property's development manager to travel to London, although Board meetings have been conducted virtually during the COVID-19 pandemic. *See* Exh. E, Declaration of Mohammed Al-Miqdadi, at ¶ 10.

25. In addition to Al-Miqdadi, every key member of CSLH's business team is located in London: (i) Arif Husain, Chief Financial Officer of CSLH's affiliate, GMH; (ii) Ahmed El

Fadel, Assistant Project Manager of GMH; and (iii) CSLH's real estate finance consultant, Nick Shattock of Chainwork Capital Limited. *See* Exh. E, Declaration of Mohammed Al-Miqdadi, at ¶ 11.

26. At no time has CSLH conducted any business activities in Indiana or Pennsylvania. *See* Exh. E, Declaration of Mohammed Al-Miqdadi, at ¶ 14.

    **C.**    **Citizenship of Defendant GMH**

27. South Loop Holdings is one of two defendants in this action. The other defendant is General Mediterranean Holdings, S.A., SpF ("GMH").

28. Plaintiffs pleaded in their Amended Complaint that defendant GMH is a Luxembourg-based entity with "[i]t's [sic] principal place of business in Luxembourg." *See* Exh. D, Amended Complaint, at ¶ 23. Accordingly. under 28 U.S.C. § 1332(c)(1), GMH is a citizen or subject of the foreign state of Luxembourg.

29. GMH's status as an entity organized under the laws of Luxembourg and with its principal place of business in Luxembourg is supported by the Declaration of Mohammed Al-Miqdadi. *See* Exh. E, Declaration of Mohammed Al-Miqdadi, at ¶ 15.

30. GMH is unaware of any attempt to serve it with the summons, complaint or any other pleadings that have been filed in this proceeding. *See* Exh. E, Declaration of Mohammed Al-Miqdadi, at ¶ 15.

31. Although GMH is not required to consent to the removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, GMH has informed CSLH Manager that it does consent to such removal. *See* Exh. E, Declaration of Mohammed Al-Miqdadi, at ¶ 16.

**AMOUNT IN CONTROVERSY**

32. The amount in controversy exceeds $75,000, exclusive of interest and costs, and therefore satisfies the requirements set forth in 28 U.S.C. § 1332(a). *See Uhl v. Thoroughbred Tech. & Telecomms.*, 309 F.3d 978, 983 (7th Cir. 2002) ("This amount is determined by an evaluation of the controversy described in the plaintiff's complaint and the record as a whole, as of the time the case was filed.").

33. In its Amended Complaint, plaintiffs allege that "[p]laintiffs have each lost their interests in the development of the Property and thus have each been damaged in excess of $75,000." *See* Exh. D, Amended Complaint, at ¶¶ 106, 110, and 110.

34. In Count I of their Amended Complaint, which alleges a claim against defendants for breach of fiduciary duties, plaintiffs further pray for an unspecified amount of punitive damages. *See Clark v State Farm Mut. Ins. Co*, 473 F. 3d 708 (7th Cir. 2007) (punitive damages can be included in the calculation of the amount in controversy when substantive law for the plaintiff's claim permits them to be awarded And as to all three of their claims). Plaintiffs also pray for "any and all further relief that the Court deems just, equitable and proper." *See* Exh. D, Amended Complaint, at p. 18-20.

35. Additional allegations in the Amended Complaint further demonstrate that the amount in controversy requirement is satisfied. In Paragraphs 28-33 of their Amended Complaint, plaintiffs allege that the Property (and their interests in the Property) is extremely valuable, as it consists of 62 contiguous acres of real estate in Chicago's South Loop at the corner of Clark Street and Roosevelt Road. *See* Exh D, Amended Complaint, at ¶¶ 28-33.

36. Among other things, plaintiffs allege that "the Property is a unique opportunity for a large mix-use development combining hundreds of thousands of square feet in commercial space with several thousand residential units." *See* Exh. D, Amended Complaint, at ¶ 33.

37. Plaintiffs allege that each of them is an assignee of economic interests in MT Property Holdings, LLC, which in turn held an indirect 50% interest in the 62 acre parcel. *See* Exh. D, Amended Complaint, at ¶¶ 1-3, 9-22.

38. Plaintiffs allege that they were "deprived of the opportunity to participate in the future development of the property," and that they did not receive their proportional shares of their "interests in the future development of the property." *See* Exh. D, Amended Complaint, at ¶¶ 28-33, 55, 64, 68, 82-86, 105.

39. Plaintiffs further allege that defendant South Loop Holdings failed to make distributions to plaintiffs and failed to distribute the assets of MT Property Holdings in breach of the operating agreement and in violation of the Illinois limited liability Act. *See* Exh. D, Amended Complaint, at ¶¶ 102-16.

## VENUE

40. Pursuant to 28 U.S.C. § 1441 (a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." As reflected in 28 U.S.C. § 93 (a) (1), the Northern District of Illinois, Eastern Division, encompasses Cook County. Accordingly, this Court is the appropriate court to which to remove this action. 28 U.S.C. § 1441 (a).

## PROCESS, PLEADINGS AND ORDERS

41. In compliance with 28 U.S.C. § 1146 (a), true and correct copies of all processes, pleadings, and orders served in this action are attached hereto and referenced as Exhibits in the chart below:

| Exh. | Date | Document |
|---|---|---|
| A | 02/13/2020 | Summons Issued [Returned 02/24/2020] |
| B | 01/07/2020 | Complaint |
| C | 06/19/2020 | Plaintiffs' Unopposed Motion for Leave to File Amended Complaint |
| D | 06/30/2020 | Amended Complaint |
| E | 07/07/2020 | Affidavit of Mohammed Al-Miqdadi |
| F | 04/01/2020 | Appearance of John Murphy for Chicago South Loop Holdings III, LLC |
| G | 04/01/2020 | Additional Appearance of Matthew Allison for Chicago South Loop Holdings III LLC |
| H | 04/01/2020 | Defendant Chicago South Loop Holdings III, LLC's Combined Section 2-615 and Section 2-619 Motions to Dismiss |
| I | 04/01/2020 | Notice of Filing - Defendant Chicago South Loop Holdings III, LLC's Combined Section 2-615 and Section 2-619 Motions to Dismiss |
| J | 04/01/2020 | Defendant Chicago South Loop Holdings III, LLC's Memorandum in Support of Its Combined Section 2-615 and Section 2-619 Motions to Dismiss |
| K | 04/01/2020 | Notice of Filing - Defendant Chicago South Loop Holdings III, LLC's Memorandum in Support of Its Combined Section 2-615 and Section 2-619 Motions to Dismiss |
| L | 04/21/2020 | Motion for Substitution of Judge as a Matter of Right |
| M | 04/23/2020 | ORDER - granting Motion for Substitution of Judge as a Matter of Right |
| N | 04/23/2020 | REASSIGNMENT ORDER - reassigning Judge Diane M Kelley to the case |
| O | 06/27/2020 | ORDER: (i) granting motion to file amended complaint before 7/2/20; (ii) voluntary withdrawal of motion to dismiss and answer due by 7/16/20; and (iii) if defendant pleads, copy of pleading should be sent to Court via email |
| P | 04/06/2020 | Chicago South Loop Holdings III's Jurisdictional Written Interrogatories to Each Plaintiff, Other Than QMQQ LLC |
| Q | 04/06/2020 | Chicago South Loop Holdings III's Jurisdictional Written Interrogatories to Plaintiff QMQQ LLC |
| R | 04/06/2020 | Chicago South Loop Holdings III's Rule 216 Requests for Admission to Each of the Individual Plaintiffs |

## SERVICE OF NOTICE OF REMOVAL

42.     Defendant will give notice of the filing of this Notice of Removal to plaintiffs and to the Clerk of the Circuit Court of Cook County, County, Illinois, for the action entitled *Ali Baghdadi et al v General Mediterranean Holding, S.A., Spf; and Chicago South Loop Holdings*

*III, LLC*, Docket No, 2020 L 000292. This Notice of Removal is concurrently being served on plaintiffs, and defendant shall file with this Court a certificate of service of such notice.

## PRAYER FOR REMOVAL

WHEREFORE, defendant, Chicago South Loop Holdings III, LLC, respectfully prays that this matter, now pending in the Circuit Court of Cook County, Illinois, be removed to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: July 9, 2020            Respectfully submitted,

                                         /s/ John M. Murphy
                                         One of the Attorneys for Defendant, Chicago South Loop Holdings III, LLC

John M. Murphy (ARDC # 6199316)
Matthew G. Allison (ARDC # 6228744)
BAKER & McKENZIE LLP
300 East Randolph St., Suite 5000
Chicago, IL 60601
(312) 861-8085
john.murphy@bakermckenzie.com
matthew.allison@bakermckenzie.com

## CERTIFICATE OF SERVICE

  The undersigned, an attorney, deposes and states that he caused a copy of the foregoing **Notice of Removal** to be served upon the following counsel, via e-mail, this 9th day of July, 2020:

  Edward T. Joyce
  The .Law Offices of Edward T. Joyce &
    Assoc. PC
  135 S. LaSalle St., Suite 2200
  Chicago, IL 60603
  312-641-2600
  rcarroll@joycelaw.com

            /s/ John M. Murphy
            Attorneys for defendant, Chicago Holdings South Loop III, LLC